Sam Kim [SBN 258467]
Yoonis Han [SBN 256151]
**VERUM LAW GROUP, APC**
360 N. Pacific Coast Hwy, Suite 1025
El Segundo, CA 90245
Telephone: (424) 320-2000
Facsimile: (424) 221-5010
skim@verumlg.com

Attorneys for Plaintiff CELIA NAVARRETE, and all other similarly situated persons

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA NAVARRETE, an individual, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>UKG INC., a Delaware corporation; and, DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No. 8:23-cv-00862 HDV (ADSx)<br><br>**PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date: April 25, 2024<br>Time: 10:00 a.m.<br><br>Complaint Filed: April 11, 2023<br>Trial Date: None Set<br><br>Judge:       Hon. Hernán D. Vera<br>Courtroom:   5B |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 25, 2024, at 10:00 a.m., at the United States District Court for the Central District of California, 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, California 90012, Representative Plaintiff Celia Navarrete ("Plaintiff"), and Plaintiff's Counsel will and hereby do move this

i

Court for an Order: (1) granting preliminary approval of the parties' Stipulation, Settlement and Release of Class Action and Private Attorneys General Act Claims ("Settlement"); (2) granting conditional certification of the Settlement Class for purposes of settlement only; (3) appointing Class Counsel; (4) appointing the Class Representative; (5) appointing a Settlement Administrator; and (6) approving the form of the Notice of Class Action Settlement. This Motion is made on the grounds that the Settlement is fair, adequate, and reasonable given the relative strengths and weaknesses of the claims and defenses; the risks, expense, complexity and likely duration of further litigation; the amount offered in settlement; the experience and views of counsel; and the public policy in favor of quieting litigation. This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declarations of Yoonis Han, Sam Kim, Celia Navarrete, and Jodey Lawrence and all exhibits attached thereto, and such other oral argument and documentary evidence as may be presented to the Court at the hearing of this Motion.

This Motion is made following conference of counsel pursuant to L.R. 7-3 which took place on October 18, 2023.

Dated:  April 22, 2023          **VERUM LAW GROUP, APC**

By:_____

Sam Kim
Yoonis Han
Attorneys for Plaintiff Celia Navarrete

ii

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................... 1

II.    SUMMARY OF THE LITIGATION .............................................................. 3

  A.  Procedural History ...................................................................................... 3

  B.  Discovery ..................................................................................................... 3

  C.  Mediation ..................................................................................................... 4

III.   SUMMARY OF SETTLEMENT TERMS ...................................................... 4

IV.   CONDITIONAL CLASS CERTIFICATION FOR SETTLEMENT
PURPOSES IS APPROPRIATE UNDER RULE 23 ............................................ 7

  A.  A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE
  REQUIREMENTS OF RULE 23(a) AND RULE 23 (b) .................................... 7

  B.  THE SETTLEMENT CLASS MEETS ALL FOUR REQUIREMENTS OF
  RULE 23 (a) AND THIS COURT ...................................................................... 8

    1.    The Settlement Class Satisfies the Numerosity Element .......................... 8

    2.    The Settlement Class Satisfies the Commonality Element ....................... 8

    3.    Plaintiff Satisfies the Typicality Element ............................................... 10

    4.    Plaintiff and Plaintiff's Counsel Satisfy the Adequacy Element ............. 11

  C.  THE PROPOSED SETTLEMENT CLASS MEETS THE
  PREDOMINANCE REQUIREMENTS OF RULE 23(b)(3) ............................ 12

V.    CONDITIONAL CLASS CERTIFICATION FOR SETTLEMENT
PURPOSES IS APPROPRIATE UNDER RULE 23 .......................................... 15

  A.  ARMS-LENGTH NEGOTIATIONS ............................................................ 16

  B.  THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF
  FURTHER LITIGATION, AND THE AMOUNT OFFERED ........................ 16

Case No. 8:23-cv-00862 HDV (ADSx)
PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

C.   THE LIKLEY EXPENSE AND DURATION OF FURTHER
LITIGATION ......................................................................................... 18

D.   THE EXTENT OF DISCOVERY COMPLETED AND THE STAGE OF
THE PROCEEDINGS ............................................................................ 18

E.   THE EXPERIENCE AND VIEWS OF COUNSEL ................................... 19

F.   THE PRESENCE OF A GOVERNMENTAL PARTICIPANT ................. 19

VI.   THE PROPOSED CLASS NOTICE SATISFIES DUE PROCESS .......... 20

A.   THE CLASS NOTICE MATERIALS SATISFY DUE PROCESS AND
MEET ALL OF THE ELEMENTS OF RULE 23(c)(2)(B) ............................. 20

B.   THE NOTICE PLAN SATISFIES DUE PROCESS BECAUSE IT IS
CALCULATED TO GIVE ALL SETTLEMENT CLASS MEMBERS NOTICE
THOUGH REASONABLE EFFORT .................................................................. 21

VII.   PLAINTIFF REQUESTS THAT THE COURT SET A FINAL
SETTLEMENT APPROVAL SCHEDULE .......................................................... 22

VIII.   CONCLUSION ........................................................................ 23

iv

## TABLE OF AUTHORITIES

**Cases**

*Alberto v. GMRI, Inc.*,
   252 F.R.D. 652, 665 (E.D. Cal. 2008)................................................................18

*Amchem Prods. v. Windsor*,
   521 U.S. 591, 620 (1997) ...................................................................................9

*Armstrong v. Davis*,
   275 F.3d 849, 868 (9th Cir. 2001) ....................................................................10

*Augustus v. ABM Security Services, Inc.*
   (2016) 2 Cal.5th 257.........................................................................................11

*Bernstein v. Virgin Am., Inc.*,
   2016 U.S. Dist. LEXIS 154326, *42 (N.D. Cal. 2016)....................................17

*Brinker Rest. Corp. v. Superior Court*,
   53 Cal. 4th 1004, 1033 (2012)..........................................................................15

*Brinker Restaurant Corp. v. Superior Court*
   (2012) 53 Cal. 4th 1004....................................................................................16

*Clesceri v. Beach City Investigations & Protective Servs.*,
   2011 U.S. Dist. LEXIS 11676, *22 (C.D. Cal. 2011) ......................................19

*Cochran v. Schwan's Home Service, Inc.*,
   (2014) 228 Cal. App. 4th 1137..........................................................................16

*Comcast Corp. v. Behrend*,
   133 S. Ct. 1426, 1436 (2013) ...........................................................................14

*Escano v. Kindred Healthcare Operating Co.*,
   2013 U.S. Dist. LEXIS 29899, *30-31 (C.D. Cal. 2013)..................................16

*Faulkinbury v. Boyd & Assocs, Inc.*,
   216 Cal. App. 4th 220, 239-240 (2013) ...........................................................15

*Gay v. Waiters' & Dairy Lunchmen's Union*,
   549 F.2d 1330 (9th Cir. 1977)............................................................................9

*Gonzalez v. Preferred Freezer Servs. Lbf*,

    2013 U.S. Dist. LEXIS 109930, *4-5 (C.D. Cal. 2013)....................................24

*Gripenstraw v. Blazin' Wings, Inc*.,

    2013 U.S. Dist. LEXIS 179214, *9 (E.D. Cal. 2013) ..........................................9

*Haley v. Medtronic, Inc*.,

    169 F.R.D. 643, 649 (C.D. Cal. 1996) ...............................................................11

*Hanlon v. Chrysler Corp*.,

    150 F.3d 1011, 1019 (9th Cir. 1998)................................................ 10, 11, 12, 17

*Hesse v. Spring Corp*.,

    598 F.3d 581, 590 (9th Cir. 2010) ....................................................................14

*Kullar v. Foot Locker Retail, Inc*.,

    168 Cal. App. 4th 116, 129 (2008).....................................................................19

*Laffitte v. Robert Half Int'l, Inc*.,

    1 Cal.5th 480 (2016) .........................................................................................14

*Lane v. Facebook, Inc*.,

    2010 U.S. Dist. LEXIS 24762, *19 (N.D. Cal. 2010).........................................19

*Lazarin v. Pro Unlimited, Inc*.,

    2013 U.S. Dist. LEXIS 97213, *15 (N.D. Cal. 2013).........................................18

*Leyva v. Medline Indus*.,

    716 F.3d 510, 514 (9th Cir. 2013) ....................................................................15

*Lou v. Ma Labs., Inc.*,

    2014 U.S. Dist. LEXIS 2665, *5 (N.D. Cal. 2014)............................................12

*Moore v. Fitness Int'l, LLC*,

    2013 U.S. Dist. LEXIS 87782, *19 (S.D. Cal. 2013) ........................................17

*Rannis v. Recchia*,

    380 F. App'x. 646, 650 (9th Cir. 2010)..............................................................24

*Reed v. 1-800 Contacts, Inc.*,

    2014 U.S. Dist. LEXIS 255, *12 (S.D. Cal. 2014) ............................................18

Case No. 8:23-cv-00862 HDV (ADSx)

PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

*Seckler v. Kindred Healthcare Operating Grp., Inc.,*

  2013 U.S. Dist. LEXIS 29940 (C.D. Cal. 2013) ................................................. 16

*See's Candy Shops, Inc. v. Superior Court*

  (2012) 210 Cal.App.4th 889 ....................................................................... 11, 15

*Silber v. Mabon,*

  18 F.3d 1449, 1454 (9th Cir. 1994) ............................................................... 23

*Smith v. Microsoft Corp.,*

  297 F.R.D. 464, 468-69 (S.D. Cal. 2014) ...................................................... 17

*Staton v. Boeing, Co.,*

  327 F.3d 938, 953 (9th Cir. 2003) ............................................................. 9, 18

*Surebeam Corp. Secs. Litig.,*

  2003 U.S. Dist. LEXIS 25022, *16 (S.D. Cal. 2003) ..................................... 12

*Vasquez v. Coast Valley Roofing, Inc.,*

  670 F. Supp. 2d 1114, 1121 (E.D. Cal. 2009) ........................................... 10, 24

**Federal Statutes**

28 U.S.C. § 1715(b).  Settlement § III (L) .......................................................... 22

Fed. R. Civ. P. 23(a)(4) ........................................................................................ 12

Fed. R. Civ. P. 23(b)(3) ................................................................................. 14, 17

Fed. R. Civ. P. 23(c)(2)(B) .................................................................................. 23

Fed. R. Civ. Proc. 23(a)(3) ................................................................................... 12

Rule 23 ................................................................................................................. 25

Rule 23(a) ............................................................................................................. 12

Rule 23(b)(3) ........................................................................................................ 23

Rule 23(c)(2)(B) ................................................................................................... 22

Rule 23(c)(3) ........................................................................................................ 23

Rule 23(e) ............................................................................................................. 18

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) ................................. 4

Case No. 8:23-cv-00862 HDV (ADSx)
PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**California Statutes**

California Business & Professions Code § 17200 ................................................... 3

California Civil Code § 1542 ...................................................................... 6, 8

California Labor Code § 510 ..................................................................... 10

California Labor Code §§ 226.7 and 512 ....................................................... 10

Fed. R. Civ. P. 23 (a)(3) ........................................................................ 11

Fed. R. Civ. P. 23(a)(2) ......................................................................... 9

Labor Code § 1174 ............................................................................... 17

Labor Code § 203 ................................................................................. 4

Labor Code § 226 ................................................................................. 4

Labor Code § 2699 ................................................................................ 5

Labor Code § 2802 ............................................................................... 16

Labor Code §§ 201 and 202.7 ..................................................................... 3

Labor Code §§ 201-203 .......................................................................... 17

Case No. 8:23-cv-00862 HDV (ADSx)
PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

### MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Celia Navarrete ("Plaintiff") brings this Revised Motion for Preliminary Approval of Class Action Settlement (the "Motion") to request that this Court grant preliminary approval of the proposed class action settlement of wage and hour claims, including a claim under the Private Attorneys General Act ("PAGA"), against Defendant UKG, Inc. ("Defendant") (collectively, Plaintiff and Defendant referred to hereinafter as the "Parties"). The basic terms of the Stipulation, Settlement, and Release of Class Action and Private Attorneys General Act Claims (the "Settlement" or "Settlement Agreement")[1] provide for the following:

1. Defendant to pay $457,876.70 to establish the Gross Settlement Amount.

2. A Net Settlement Amount derived from the Gross Settlement Amount (less the amounts specified hereafter) of approximately $266,263.69 from which Settlement Class Members will be allocated a pro rata share for Individual Settlement Payments according to the number of weeks each Settlement Class Member worked during the Settlement Class Period.

3. An award of attorneys' fees not to exceed 30% of the Gross Settlement Amount (equal to $137,363.01), and reimbursement for costs and expenses (up to $15,000.00) that the Court approves, and supported by declarations by Class Counsel.

---

[1] A true and correct copy of the fully-executed "Stipulation, Settlement, and Release of Class Action and Private Attorneys General Act Claims," is attached as Exhibit A to the Declaration of Yoonis Han in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Han Decl."), ¶16, filed concurrently herewith. Unless otherwise noted, all exhibits cited herein are attached to the Han declaration. Unless otherwise defined herein, all capitalized terms in this Motion will be used as such terms are used in the Settlement.

4.    The Class Representative Service Award to Plaintiff (up to $10,000.00) for Plaintiff's time, effort and risk in bringing and prosecuting the Action.

5.    An allocation of Settlement Administration Costs not to exceed $14,250.00.

6.    An allocation of $20,000.00 for settlement of claims for civil penalties under the California Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA"), of which seventy-five percent (75%) of this amount, or $15,000.00, will be paid to the California Labor and Workforce Development Agency and the remaining twenty-five percent (25%), or $5,000.00, will be distributed to PAGA Group Members based on the number of pay periods worked during the PAGA Settlement Period.

The Settlement Agreement is the result of the Parties' good faith efforts at the private mediation session, and informed, arms-length negotiations. Plaintiff and Plaintiff's Counsel believe that the terms are fair to Settlement Class Members and PAGA Group Members, and resolving this case will obviate years of continued litigation. As explained in this Motion, the proposed Settlement is fair, adequate, and falls well within the range of reasonableness for preliminary approval. As such, Plaintiff and Plaintiff's Counsel respectfully request that this Court enter an order:

1.    Granting preliminary approval of the Settlement Agreement;

2.    Granting conditional certification of the Settlement Class for purposes of settlement only;

3.    Appointing Verum Law Group, APC, as Class Counsel;

4.    Appointing Plaintiff Celia Navarrete as the Class Representative

5.    Appointing Phoenix Settlement Administrator as the Settlement Administrator; and

2

6. Approving the Notice of Class Action Settlement that will be sent to the Settlement Class and PAGA Group Members; and the proposed timeline for administration of the Settlement; and

7. Setting a final approval hearing date.

## II. SUMMARY OF THE LITIGATION

The Settlement aims to resolve a proposed class and representative action lawsuit against Defendant.

### A. **Procedural History**

On April 11, 2023, Plaintiff filed a putative class action against Defendant in the Orange County Superior Court, Case No. 30-2023-01318758-CU-OE-CXC, alleging claims for: 1) failure to pay all wages; 2) failure to provide meal periods or compensation in lieu thereof; 3) failure to provide rest breaks or compensation in lieu thereof; 4) failure to timely pay wages during employment; 5) failure to provide accurate wage statements; 6) waiting time penalties; 7) violation of California Business & Professions Code § 17200 *et seq.* (the "Action").

On April 25, 2023, Plaintiff submitted her PAGA Notice to the LWDA. See Exhibit C, Han Decl., ¶ 11. On May 17, 2023, Defendant removed the Action to the United States District Court for the Central District of California, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 (c), (d)(2), 1441(a), 1446, and 1453 ("CAFA"). Han Decl., ¶ 12; see Notice of Removal, Docket No. 1. On November 9, 2023, Plaintiff filed a First Amended Complaint ("FAC") adding a claim under the PAGA. Dkt. No. 26. On October 18, 2023, the Parties participated in a full-day private mediation session with Joel Grossman, Esq., a mediator with experience in mediating complex labor and employment matters. Han Decl., ¶ 14.

### B. **Discovery**

Prior to mediation, Plaintiff and Defendant agreed to exchange information and documents informally, including: 1) the total number of non-exempt employees who worked for Defendant in the State of California during the Class

3

Period; 2) the total number of non-exempt employees currently employed by Defendant in the State of California; 3) the total number of workweeks worked by all Settlement Class Members in the State of California during the Labor Code § 226 period; 4) the total number of workweeks worked by all PAGA Group Members during the PAGA Period; 5) the total number of workweeks worked by all Settlement Class Members during the Labor Code § 203 period; 6) complete payroll and time keeping records for the Plaintiff; (7) Defendant's written policies and procedures relating to Defendant's timekeeping, meal and rest periods, attendance and time punches, and payment of final wages upon termination; and (8) 25% sample of time keeping and payroll data for prospective class members. Han Decl., ¶ 15.

### C. **Mediation**

On October 18, 2023, the Parties participated in a full-day private mediation session with Joel Grossman, Esq. Han Decl., ¶ 14. The Parties were able to reach a resolution at the mediation, which included the material terms of the Settlement.

Over the next month and half, the Parties continued to draft and negotiate the long-form Settlement, which was finalized and mutually executed on December 20, 2023. See Exhibit A attached to Han Decl., ¶ 16, Stipulation, Settlement, and Release of Class Action and Private Attorneys General Act Claims ("Settlement" or "Settlement Agreement"). Lastly, Plaintiff submitted the Settlement to the LWDA pursuant to Labor Code § 2699(1)(2) on December 21, 2023. See Exhibit B, Han Decl., ¶ 17.

### III. SUMMARY OF SETTLEMENT TERMS

Plaintiff's Counsel believes that the Settlement submitted to this Court for preliminary approval is a fair and reasonable result for the Settlement Class. In exchange for a narrowly-tailored release, limited to "any and all claims that were pled or could have been pled based on the factual allegations in the operative First Amended Complaint or prior complaints in the Action, arising during the Class

Period," the Settlement commits Defendant to pay up to $457,876.70 ("Gross Settlement Amount"), to 937 Settlement Class Members.  Settlement § III (A) and (C).   This is a non-reversionary Settlement.  Settlement § III (A).[2]

The Net Settlement Amount is the Gross Settlement Amount, less the Service Award, General Release Payment, PAGA Payment, Class Counsel Costs Award, Class Counsel Fees Award, and Settlement Administration Costs,. Settlement § I (Q).

The Service Award is the Court approved payment of $10,000.00 paid to Plaintiff as the Class Representative, in addition to her Individual Settlement Payment, in recognition of her efforts in assisting with the prosecution of the Action.  Settlement § I (AA).

The PAGA Payment is the $20,000.00 allocated to penalties under the PAGA, of which $15,000.00 shall be paid by the Settlement Administrator directly to the LWDA; and the remaining $5,000.00 shall be distributed to PAGA Group Members based on Compensable PAGA Pay Periods.  Settlement § I (V).

The Class Counsel Costs Award is the expenses and costs incurred by Class Counsel in connection with litigation of the Action, which are not to exceed $15,000.00 and are paid from the Gross Settlement Amount.  Settlement § I (D).

The Class Counsel Fees Award is the attorneys' fees for Class Counsel's litigation and resolution of the Action, which are not to exceed 30% of the Gross Settlement Amount, or $137,363.01 and are paid from the Gross Settlement Amount.  Settlement § I (E).

---

[2] Defendant has calculated the total workweeks for the Class, which is now 101,867 weeks.  Per § III (B) of the Settlement, there is a pro rata increase of the Gross Settlement Amount for the increased workweek count [101,867 weeks / 72,305 pro rata threshold = 1.408851393 * $325,000 original Gross Settlement Amount = $457,876.70 revised Gross Settlement Amount].  Thus, the Parties submit this Revised Motion to reflect the updated numbers for the Court.

PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Settlement Administration Costs are the costs payable from the Gross Settlement Amount to the Settlement Administrator for administering this Settlement, which are not to exceed $14,250.00.  Settlement § III (N)(5).

The Employer Taxes are Defendant's share of any employer payroll taxes and other required employer withholdings due on the Individual Settlement Payments, which will be separately paid by Defendant and will not be deducted from the Gross Settlement Amount.  Settlement § I (N).

As of the Effective Date, in exchange for the consideration set forth in this Agreement, the Settlement Class Members, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completed discharged Released Parties from any and all claims that were pled or could have been pled based on the factual allegations in the operative First Amended Complaint or prior complaints in the Action, arising during the Class Period.  ("Release of Class Claims").[3]  Settlement § III (C).  In addition, as of the Effective Date, in exchange for the PAGA Payment set forth in this Agreement, the State of California, the LWDA, and all PAGA Group Members, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completed discharged the Released Parties from any and all PAGA claims during the PAGA Period that were pled or could have been pled based on the factual allegations in the operative First Amended Complaint or prior complaints in the Action and in all PAGA notice letter filed by Plaintiff, and further including claims that are premised upon California Labor Code §§ 201, 202, 203, 204, 210, 218.6, 226, 226.3, 226.7, 510, 512, 516, 1174, 1194, 1194.2, and claims covered by the Release of the Class Action Claims,

---

[3] The full scope of the Released Class Claims is listed in the Settlement in § III (C).

6

against the Released Parties. ("Release of PAGA Claims").[4]  Settlement § III (D). PAGA Group Members will be bound by the Judgment entered by the Court as to the Release of PAGA Claims. *Id*.

Only Plaintiff will agree to a general release of known and unknown claims and waiver pursuant to California Civil Code § 1542. Settlement § III (E).

Released Claims shall include the claims released as set forth in the Release of Class Claims, Release of PAGA Claims, and General Release by Plaintiff. Settlement § III (C), (D), (E).

The Parties agreed to use Phoenix Settlement Administrators as the Settlement Administrator. Settlement § I (FF).

Finally, based on the terms of the Settlement, the Net Settlement Amount is estimated at $266,263.69.[5]  Han Decl., ¶ 16. Based on the estimated Net Settlement Amount divided by the estimated Settlement Class of 937 individuals, the average recovery is $284.16. *Id*.

## IV. CONDITIONAL CLASS CERTIFICATION FOR SETTLEMENT PURPOSES IS APPROPRIATE UNDER RULE 23

### A. <u>A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE REQUIREMENTS OF RULE 23(a) AND RULE 23 (b)</u>

Through this Motion, Plaintiff requests that the Court make appropriate findings and conditionally certify the Settlement Class in this action for purposes of settlement only. To certify a class, a district court must find that the proposed class meets the requirements of both Rule 23(a) and Rule 23(b). See *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997). As will be discussed below, based on Plaintiff's allegations in the FAC, the Settlement Class meets all four prerequisites of Rule 23(a) class certification – numerosity, commonality,

---

[4] The full scope of the Released PAGA Claims is listed in the Settlement in § III (D).

[5] The numeric breakdown of the Settlement Terms is also listed in Han Decl., ¶ 16 for ease of reference.

typicality, and adequacy of representation – in addition to the requirements of Rule 23 (b)(3) – predominance of common issues and superiority of the class action device.

## B. THE SETTLEMENT CLASS MEETS ALL FOUR REQUIREMENTS OF RULE 23 (a) AND THIS COURT

### 1. The Settlement Class Satisfies the Numerosity Element

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all class members be impracticable. See Fed. R. Civ. P. 23(a)(1). Plaintiff need not show that the number is so large that it would be impossible to join every class member. *Gripenstraw v. Blazin' Wings, Inc*., 2013 U.S. Dist. LEXIS 179214, *9 (E.D. Cal. 2013). Here, the Settlement Class is clearly large enough to make joinder impracticable, as Defendant has indicated that it consists of approximately 937 individuals.  Settlement § III (A); see *Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330 (9th Cir. 1977) (finding numerosity for a class with 110 potential class members).

### 2. The Settlement Class Satisfies the Commonality Element

The second Rule 23(a) requirement is commonality, which is satisfied "if there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet this requirement, there must be "shared legal issues" or "a common core of salient facts." *Staton v. Boeing, Co*., 327 F.3d 938, 953 (9th Cir. 2003). Courts have construed this commonality requirement permissively, and the Ninth Circuit has stated that "[a]ll questions of fact and law need not be common to satisfy the rule." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998). "Commonality is generally satisfied where, as in this case, 'the lawsuit challenges a system-wide practice or policy that affects all of the putative class members.'"

Case No. 8:23-cv-00862 HDV (ADSx)
PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

*Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1121 (E.D. Cal. 2009)
(quoting *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001)).

In the instant case, Plaintiff's allegations present common legal and factual
questions of, inter alia, whether Defendant applied the same compensation,
timekeeping, meal period, rest break, wage statement, and reimbursement policies
to all class members; whether those policies or their implementation resulted in
Labor Code violations; whether Defendant's conduct was intentional; and whether
class members are entitled to statutory and civil penalties. See FAC, Docket No.
26. Specific to each cause of action alleged in the FAC, Plaintiff contends the
common questions include, but are not limited to, the following:

- Whether Defendant's compensation plan is unlawful;
- Whether Defendant required or knowingly permitted non-exempt employees
  to forego meal breaks in violation of California Labor Code §§ 226.7 and
  512, and IWC Wage Order 4-2001 as alleged herein;
- Whether Defendant's provided non-exempt employees a duty-free meal
  period within the first five (5) hours of work and/or a second duty-free meal
  period after ten (10) hours of work;
- Whether Defendant violated IWC Wage Order 4-2001 by failing to provide
  non-exempt employees a duty-free rest period for every four hours of work
  or major fraction thereof;
- Whether Defendant violated California Labor Code § 510 and IWC Wage
  Order 4-2001 by failing to pay overtime compensation to all non-exempt
  employees for hours in excess of eight (8) hours per workday or in excess of
  forty (40) hours per workweek;
- Whether Defendant violated California Labor Code § 226(a) by failing to
  furnish to non-exempt employees proper itemized wage statements as
  alleged herein;
- Whether Plaintiff and the members of the Classes are entitled to seek
  recovery of penalties for the Labor Code and IWC Wage Order violations
  alleged herein;
- Whether Defendant violated California Labor Code §§ 201 and 202 by
  failing to timely pay non-exempt employees all wages due at the conclusion
  of their employment relationship as alleged herein; and
- Whether Defendant violated California Labor Code §§ 1194 and 1197 by

9

failing to pay wages to all non-exempt employees for each hour worked as alleged herein.

Plaintiff contends that these questions could be resolved using Defendant's time and payroll records, testimony from its corporate representatives, class member declarations, and common written policies.  Han Decl., ¶ 18.

### 3. Plaintiff Satisfies the Typicality Element

Typicality exists where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23 (a)(3). The Court does not, however, "need to find that the claims of the purported class representative[s] are identical to the claims of the other class members." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 649 (C.D. Cal. 1996). The Ninth Circuit further stated that "[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Here, Plaintiff alleges that she and class members were subject to Defendant's common policies and practices, including: (a) use of a "rounding policy" that does not fully compensate employees over a "period of time," as explained in *See's Candy Shops, Inc. v. Superior Court* (2012) 210 Cal.App.4th 889 ("Illegal Rounding Policy"); (b) Defendant's pay plan also deprived the non-exempt employees of mandated overtime compensation, including at the proper rate of overtime pay, specifically, these violations include the failure to include shift premiums and/or bonus payments in the regular rate of pay ("Regular Rate Policy"), and the failure to pay all overtime wages owed due to the Illegal Rounding Policy; (c) non-compliant, short, late and missed meal periods, and (d) non-compliant rest break policies that required to be scheduled with the manager and approved, and prohibited employees from leaving the premises.  See FAC ¶¶ 23-28.

Plaintiff's alleged injuries, claims, and relief sought are typical of those of the class as they arise out of Defendant's common course of conduct that would

entitle class members to similar relief, if proven.  FAC ¶ 23-29 and 38.  As such, Plaintiff's representative claims and legal theories are co-extensive with those of the Class, and therefore, the typicality requirement under Fed. R. Civ. Proc. 23(a)(3) is satisfied.

### 4. Plaintiff and Plaintiff's Counsel Satisfy the Adequacy Element

The final Rule 23(a) requirement asks whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is satisfied if: (1) the proposed representative plaintiff does not have conflicts of interest with the proposed class, and (2) plaintiff is represented by qualified and competent counsel.  See *Hanlon*, 150 F.3d at 1020.

In this case, there is no reason to doubt the adequacy of Plaintiff's Counsel. Plaintiff's Counsel's extensive experience in class action litigation makes them adequate Class Counsel.  Han Decl., ¶¶ 3-9; see *also* Declaration of Sam Kim ("Kim Decl.") ¶¶ 3-8. Plaintiff's Counsel have also expended considerable time and effort on this case and will continue to do so through final approval. Specifically, Plaintiff's Counsel conducted extensive investigation of the factual issues, reviewing documents from Defendant, performing a damages analysis, preparing and participating in a meaningful full-day mediation session after performing a critical review of the claims and defenses, and ushering the case into settlement as soon as practicable. See *generally*, Han Decl.

The second prong of the adequacy test is "that the suit not be collusive and plaintiff's interests not be antagonistic to those of the remainder of the class." *In re Surebeam Corp. Secs. Litig.*, 2003 U.S. Dist. LEXIS 25022, *16 (S.D. Cal. 2003); see *Lou v. Ma Labs., Inc.*, 2014 U.S. Dist. LEXIS 2665, *5 (N.D. Cal. 2014).

Here, there is no evidence of antagonism between Plaintiff's interests and those of the Settlement Class.  Plaintiff demonstrated her ability to advocate for the

11

interests of the class by initiating this litigation, gathering documents and information, and obtaining a fair settlement on behalf of Settlement Class Members. See Declaration of Celia Navarrete ("Navarrete Decl.") ¶¶ 3-4, 10.

Plaintiff has and will continue to fairly and adequately protect the Class' interests in good faith and should be appointed Class Representative. Further, Plaintiff's Counsel has demonstrated throughout the litigation that they are qualified, adequate counsel, warranting appointment as Class Counsel.

### C. **THE PROPOSED SETTLEMENT CLASS MEETS THE PREDOMINANCE REQUIREMENTS OF RULE 23(b)(3)**

In addition to the Rule 23(a) requirements, a district court must also find that common issues of law or fact "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The proposed Settlement Class in this case is sufficiently cohesive to warrant adjudication by representation. See *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1436 (2013). Furthermore, because the "predominance" factor concerns liability, any variation in damages is plainly insufficient to defeat class certification. *Leyva v. Medline Indus.*, 716 F.3d 510, 514 (9th Cir. 2013).

Plaintiff contends her claims are based on Defendant's common, class-wide policies and procedures, and that liability could accordingly be determined on a class wide basis, without dependence on individual assessments of liability. See *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1033 (2012) ("Claims alleging that a uniform policy consistently applied to a group of employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment."). As the FAC claims, Defendant's alleged liability stems from policies and practices that applied to a larger group of employees other than just Plaintiff.

With respect to Plaintiff's failure to pay all wages claim, Plaintiff alleged that: 1) the Illegal Rounding Policy is based on the allegation that it does not fully

12

compensate employees over a "period of time," as explained in *See's Candy Shops, Inc. v. Superior Court* (2012) 210 Cal.App.4th 889; and 2) the Regular Rate Policy is based on the allegation that non-exempt employees were not paid mandated overtime compensation, including at the proper rate of overtime pay (i.e., the failure to include shift premiums and/or bonus payments in the regular rate of pay). Common questions predominate over individual inquiries because Defendant's timekeeping policies and practices applied to the class, allowing the Court to resolve in one proceeding whether such practices were unlawful. See *Faulkinbury v. Boyd & Assocs, Inc.*, 216 Cal. App. 4th 220, 239-240 (2013) ("Because the criteria for awarding bonuses are uniform and applied consistently to all [class members], the issue whether those bonuses 'are discretionary or payments in the nature of gifts on special occasions' can be determined on a class wide basis."); see *also Seckler v. Kindred Healthcare Operating Grp., Inc.*, 2013 U.S. Dist. LEXIS 29940 (C.D. Cal. 2013) (certifying the "regular rate" class because overtime premiums were paid using the "base rate" of pay).

With respect to the meal and rest period claims, Plaintiff alleges that Defendant did not provide compliant meal periods under *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004 ("*Brinker*"), because: (1) meal periods were provided (and scheduled) *after* the fifth hour of work; (2) meal periods were not a full 30-minutes, and often cut short; and (2) second meal periods were not provided (nor scheduled) for shifts greater than 10-hours. Plaintiff also alleges that Defendant did not provide compliant rest periods under *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004 ("*Brinker*"), because: (1) rest periods were required to be scheduled and approved by the manager; and (2) employees were not permitted to leave the premises. Plaintiff's primary theory of liability for these two claims arises from an alleged common practice that applied to all class members, and therefore gives rise to a class question. See*, e.g.*, *Escano v. Kindred Healthcare Operating Co.*, 2013 U.S. Dist. LEXIS 29899, *30-31 (C.D. Cal. 2013)

13

("The court finds that the apparently universal signing of the second meal waiver lends itself to the inference that signing the waiver is a condition of employment and gives rise to a class question."). Common questions predominate over individual inquiries because Defendant's meal and rest period practices allegedly applied to the class, allowing the Court the ability to resolve in one proceeding whether such practices were unlawful.

With respect to the accurate itemized wage statement claim, Plaintiff alleges a derivative wage statement violation based the alleged Illegal Rounding Policy, and the Regular Rate Policy. Common questions predominate here since Defendant's wage statements "follow a uniform format," and Defendant's "knowledge of any inaccuracies in its wage statements can be determined on a class-wide basis." *Bernstein v. Virgin Am., Inc.*, 2016 U.S. Dist. LEXIS 154326, *42 (N.D. Cal. 2016). The Court can decide in one proceeding whether Defendant is liable to all Class Members for violations.

Based on the foregoing alleged violations, Plaintiff alleged derivative claims that Defendant failed to maintain accurate records in accordance with Labor Code § 1174, and that Defendant failed to pay all wages due upon separation of Plaintiff's and class members' employment in accordance with Labor Code §§ 201-203.

Additionally, the class action device proposed herein is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Conditional certification of the Settlement Class will allow class members' claims to be fairly, adequately, and efficiently resolved to a degree that no other mechanism or forum would provide. As in *Hanlon*, the alternative methods of resolution are individual claims for relatively small amounts of damages. *Hanlon*, 150 F.3d at 1019-20; see *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 468-69 (S.D. Cal. 2014). These claims "'would prove uneconomic for potential plaintiffs' because 'litigation costs would dwarf potential recovery.'" *Moore v. Fitness Int'l, LLC*, 2013 U.S. Dist. LEXIS 87782, *19 (S.D. Cal. 2013)

14

1   (citation omitted).

2       Finally, no issues of manageability would preclude certification of the

3   Settlement Class for purposes of settlement. A court faced with a request for a

4   settlement-only class like this one need not inquire whether the case would present

5   intractable problems of trial management, even though other requirements under

6   Rule 23 must still be satisfied. See*, e.g.*, *Lazarin v. Pro Unlimited, Inc*., 2013 U.S.

7   Dist. LEXIS 97213, *15 (N.D. Cal. 2013). As discussed herein, the disposition of

8   the Action through implementation of the terms of the proposed Settlement is

9   efficient and manageable.

## V. CONDITIONAL CLASS CERTIFICATION FOR SETTLEMENT PURPOSES IS APPROPRIATE UNDER RULE 23

12       Rule 23(e) requires that the court find a class settlement to be fair, reasonable

13   and adequate before entering preliminary or final approval. The primary concern

14   of Rule 23(e) is the protection of class members whose rights may not have been

15   given adequate consideration during the settlement negotiations. *Reed v. 1-800*

16   *Contacts, Inc.*, 2014 U.S. Dist. LEXIS 255, *12 (S.D. Cal. 2014). Courts balance

17   several factors in determining whether a settlement is fair, adequate and reasonable,

18   in compliance with Rule 23(a), such as "the strength of plaintiffs' case; the risk,

19   expense, complexity, and likely duration of further litigation; the risk of

20   maintaining class action status throughout the trial; the amount offered in

21   settlement; the extent of discovery completed, and the stage of the proceedings; the

22   experience and views of counsel; the presence of a governmental participant; and

23   the reaction of the class members to the proposed settlement." *Staton*, 327 F.3d at

24   959 (citation and quotation marks omitted).

25       Moreover, at this preliminary stage and because class members will receive

26   an opportunity to be heard on the settlement, "a full fairness analysis is

27   unnecessary. . . ." *Alberto v. GMRI, Inc*., 252 F.R.D. 652, 665 (E.D. Cal. 2008)

28   (quotation marks omitted). Instead, preliminary approval and notice of the

settlement terms to the proposed class are appropriate where "[1] the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval . . . ."  Here, the proposed Settlement falls well within the range of reasonableness.

## A. ARMS-LENGTH NEGOTIATIONS

The negotiations at the mediation on October 18, 2023, were adversarial and, although the Parties reached an agreement in principle on October 18, 2023, the Parties continued to negotiate and draft the Settlement Agreement. Han Decl., ¶¶ 14, 16. There is no indication that the negotiations were collusive or unfair to Settlement Class Members.

## B. THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF FURTHER LITIGATION, AND THE AMOUNT OFFERED

In considering the complexity, expense, and likely duration of the litigation, courts weigh the benefits of the settlement against the expense and delay involved in achieving an equivalent or even more favorable result at trial. *Lane v. Facebook, Inc.*, 2010 U.S. Dist. LEXIS 24762, *19 (N.D. Cal. 2010); see *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116, 129 (2008) (The trial court "bears the responsibility to ensure that the recovery represents a reasonable compromise, given the magnitude and apparent merit of the claims being released, discounted by the risks and expenses of attempting to establish and collect on those claims by pursuing the litigation."). However, "[j]udicial policy favors settlement in class actions, as substantial resources can be saved by avoiding the time, cost, and rigors of formal litigation." *Clesceri v. Beach City Investigations & Protective Servs.*, 2011 U.S. Dist. LEXIS 11676, *22 (C.D. Cal. 2011).

Employment cases (including wage and hour cases) can be expensive and

16

time consuming to prosecute. That this is a class action further amplifies the economies of time, effort and expense achieved by this Settlement. Based on review of documentary evidence and data produced by Defendant in the course of settlement negotiations, Plaintiff's Counsel assessed the potential value of the class claims being released by the proposed Settlement (and explanation of the factors bearing on the amount of the compromise). See Han Decl., ¶¶ 19-28.  Based on these calculations and factors (and Additional Risk Factors, set forth below), Class Counsel contends that the total exposure if Plaintiff was successful on all claims at trial is $15,397,023 (excluding penalties under the PAGA).  Han Decl., ¶ 26. However, Class Counsel forecasts the realistic exposure for all claims is $1,067,123.45.  *Id*.  Accordingly, the Gross Settlement Amount of $457,876.70 represents approximately 42.91% of Plaintiff's reasonably forecasted recovery, while avoiding the further expense and risk of proceeding with class certification and trial.  *Id*.  For the PAGA Claim, based on the contested issues in this case, Plaintiff discounted the PAGA exposure by 97%, resulting in an estimated realistic exposure of $98,502.00.  Han Decl., ¶ 27.  The details of the exposure analysis and discounts for the PAGA Claim is further detailed in Han Decl., ¶ 27.  In addition to the factors outlined above, Plaintiff also weighed the following risk factors:

- The great discretion afforded to trial courts in electing to grant or deny class certification, meaning it is entirely possible that this Court would deny certification of the proposed classes, resulting in no recovery whatsoever for the unnamed class members;
- Defendant's likely argument that common issues do not predominate based on the wide variation in class members' job duties and their option to voluntarily waive meal and rest breaks;
- Defendant's likely argument that common issues do not predominate because of Defendant's lawful written policies;
- Defendant's likely argument that individualized issues predominate;
- Defendant's likely arguments that the named plaintiff's claims are not typical of those of the class and that she is not an adequate class representative;
- Even if the Court certified the class, the possibility that it would find that

17

Defendant satisfied its duty to make breaks available. See *Brinker*, 53 Cal. 4th 1004;

- Defendant's likely argument that, even if found liable for rest period violations, the class lacked sufficient evidence to legally establish their damages; and
- Defendant's likely argument that Plaintiff's estimate of the maximum damages available to the class is vastly overstated and does not comport with the actual damages suffered by class members ("Additional Risk Factors"). Han Decl., ¶ 28.

When weighed against the tremendous uncertainty of further litigation and the potential for the class to receive nothing or wait through years of litigation and/or appeals, class members are far better served by the proposed Settlement than further and protracted litigation.

## C. **THE LIKLEY EXPENSE AND DURATION OF FURTHER LITIGATION**

If Plaintiff continued to prosecute the claims rather than accept the Settlement, she would have faced a fast-approaching deadline to file a motion to remand, deadline to file a motion for class certification, engage in formal discovery, depositions and disputes, prepare and file potential dispositive motions, and engage in extensive trial preparation. Han Decl., ¶ 29. Any one of these stages could have stopped the class members from obtaining any recovery. *Id.*

## D. **THE EXTENT OF DISCOVERY COMPLETED AND THE STAGE OF THE PROCEEDINGS**

Since filing the Action on April 11, 2023, Plaintiff's Counsel has worked diligently to prosecute the class claims, engaged in informal discovery with numerous lengthy discussions with Defendant's counsel, and pushed the case efficiently towards mediation, all of which ultimately yielded the instant Settlement. Han Decl., ¶¶ 10-16. In addition, Plaintiff's Counsel worked through numerous hurdles in this case, including removal into federal court, and other arguments raised by Defendant about the merits of this case. Han Decl., ¶ 10-31. Prior to mediation, through informal exchange of information and records,

18

Plaintiff's counsel obtained documents revealing the company's policies and procedures as well as time and payroll records.  Han Decl., ¶¶ 15 and 30.  These records provided sufficient information to calculate Defendant's potential exposure at this stage. *Id.*

### E. <u>THE EXPERIENCE AND VIEWS OF COUNSEL</u>

There is no reason to doubt Verum Law Group, APC's experience, knowledge or commitment.  Plaintiff's Counsel are highly experienced and knowledgeable regarding complex federal and state wage and hour class actions like this one.  Han Decl. ¶¶ 3-9; Kim Decl., ¶¶ 3-8. Indeed, Plaintiff's Counsel has handled many wage and hour cases on behalf of employees alleging claims just like those raised in this lawsuit. Han Decl., ¶ 9; Han Decl., ¶¶ 5 and 8.

In sum, Plaintiff's Counsel fully committed their resources to representing the class in this case, have the skill and expertise to do it properly, and will continue to do so. Plaintiff's Counsel believes that the Settlement provides a substantial recovery for the Settlement Class without the need of prolonged litigation in the face of the risks of prevailing and recovering any amounts.  Han Decl., ¶¶ 29-31. Accordingly, Plaintiff's Counsel urges the Court to approve the Settlement based on their prior experience and investigation of the case.

### F. <u>THE PRESENCE OF A GOVERNMENTAL PARTICIPANT</u>

The LWDA is a governmental participant in this action, as Plaintiff has brought PAGA claims in her FAC.  Plaintiff has provided notice to the LWDA of the Settlement as required by statute.  See Exhibit B, Han Decl., ¶ 17.  Additionally, in their papers for final approval of the Settlement, Plaintiff will include a declaration reflecting that Defendant provided appropriate notice of the proposed settlement to relevant state and federal authorities per the terms of 28 U.S.C. § 1715(b).  Settlement § III (K).

///

///

19

## VI. THE PROPOSED CLASS NOTICE SATISFIES DUE PROCESS

### A. <u>THE CLASS NOTICE MATERIALS SATISFY DUE PROCESS AND MEET ALL OF THE ELEMENTS OF RULE 23(c)(2)(B)</u>

Rule 23(c)(2)(B) provides that the Court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice should describe: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, and/or defenses; (4) that a class member may enter an appearance through counsel if the member so desires; (5) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and (6) the binding effect of a class judgment on class members under Rule 23(c)(3).

The content of the parties' proposed Notice of Class Action Settlement ("Notice Packet") herein fully complies with due process and Rule 23. The Notice Packet provides the definition of the class, describes the nature of the action, and explains the procedure for contesting data used to calculate estimated Individual Settlement Payments under the Settlement. See Exhibit 1 attached to Settlement Agreement. The Notice Packet specifies the date, time, and place of the Final Approval hearing, and informs Settlement Members of their options upon receiving the notice (i.e., opt out, object, dispute the number of weeks worked, or do nothing). *Id.* It explains the scope of the release that will take effect unless Settlement Class Members timely opt out of the Settlement. *Id.* The proposed notice also informs the Settlement Class how the Settlement amount will be used to compensate Plaintiff's Counsel for the approved amount of costs and fees and the named Plaintiff's Service Award Payment. *Id.*

///

///

///

PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## B. THE NOTICE PLAN SATISFIES DUE PROCESS BECAUSE IT IS CALCULATED TO GIVE ALL SETTLEMENT CLASS MEMBERS NOTICE THOUGH REASONABLE EFFORT

For a class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). However, actual notice is not required. See *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Notice by mail has been found by the Supreme Court to be sufficient if the notice is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *accord Sullivan v. Am. Express Publ'g Corp.*, 2011 U.S. Dist. LEXIS 70377 (C.D. Cal. 2011) (quoting *Mullane*). The Settlement Administrator will use the United States Postal Service National Change of Address List to verify the accuracy of all addresses before the initial mailing date to ensure that the Notice Packet is sent to all Settlement Class Members at the addresses most likely to result in their immediate receipt. Settlement, § III (M)(3). With respect to returned envelopes, the Settlement Administrator will perform a routine skip-trace procedure to obtain a current address and promptly re-mail, by First Class U.S. Mail, the Class Notice with a new Response Period deadline. Settlement § III (M)(4); *see also Rannis v. Recchia*, 380 F. App'x. 646, 650 (9th Cir. 2010) (finding due process was satisfied and class members whose notices were returned as undeliverable were properly included in the class where the administrator mailed notices to the last known address and demonstrated "reasonable effort" by performing skip-traces); *Gonzalez v. Preferred Freezer Servs. Lbf*, 2013 U.S. Dist. LEXIS 109930, *4-5 (C.D. Cal. 2013) (finding notice constitutes "best notice practicable under the circumstances" where the administrator performed skip-trace on all mail returned as undeliverable). Thus, due process is satisfied.

Settlement Class Members who wish to challenge Defendant's records will have the opportunity to do so by submitting a written request to the Settlement Administrator. Settlement, § III (M)(6). Settlement Class Members will have 45 days from the date the Settlement Administrator mails the Class Notice to request exclusion or object to the Settlement. Settlement § I (CC). This is sufficient time to give Settlement Class members the opportunity to comment on the Settlement. *Vasquez*, 670 F. Supp. 2d at 1127 (approving 30-day notice period for class members to object, request exclusion, or mail claims for settlement shares in wage and hour case).

## VII. PLAINTIFF REQUESTS THAT THE COURT SET A FINAL SETTLEMENT APPROVAL SCHEDULE

Plaintiff recommends the below schedule following the issuance of an Order preliminarily approving the proposed Settlement:

| Date/Triggering Event: | Event: |
| --- | --- |
| 21 calendar days after Preliminary Approval: May 16, 2024 | Deadline for Defendant to provide Settlement Administrator with the Employee List (or class data). |
| 14 days after Defendant provides Settlement Administrator with the Employee List: May 30, 2024 | Deadline for Settlement Administrator to mail Notice Packet. |
| 45 days after Notice Packet is mailed by the Settlement Administrator (Response Deadline): July 14, 2024 | Last day for Settlement Class Members to opt out or object to the Settlement. |
| September 24, 2024 | Class Counsel to file Motion for Final Approval |

///
///
///
///
///
///

Case No. 8:23-cv-00862 HDV (ADSx)
PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**VIII.  CONCLUSION**

As set forth above, the proposed Settlement is fair, adequate, and well within the range of reasonableness.  Further, the Settlement Class satisfies all of the elements of Rule 23 for conditional certification for settlement purposes. For these reasons, the Court should grant the instant motion and order the Notice Packet to be disseminated to the Settlement Class.

Dated:  April 22, 2024            **VERUM LAW GROUP, APC**

By:_____

Sam Kim
Yoonis Han
Attorneys for Plaintiff Celia Navarrete

Case No. 8:23-cv-00862 HDV (ADSx)
PLAINTIFF'S REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT