JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA NAVARRETE, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UKG INC., a Delaware corporation; and, DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:23-cv-00862-HDV-ADS<br><br>[~~PROPOSED~~] ORDER AND JUDGEMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Judge: Hon. Hernan D. Vera<br>Magistrate Judge: Autumn D. Spaeth<br>Courtroom: 5B<br><br>Hearing Date: October 10, 2024<br>Time: 10:00 a.m. |

The Court having held a Final Approval Hearing in this Action on October 10, 2024, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order Re: Motion for Preliminary Approval of Class Action and Representative Settlement [Dkt. No. 38]; 1) Preliminarily and conditionally approving the Settlement Class; 2) Preliminarily and conditionally

1

Case No. 8:23-cv-00862-HDV-ADS
[~~PROPOSED~~] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS

approving the PAGA Group Members; 3) Setting a Final Approval Hearing; and 4) Approving the Notice Packet ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Amended Stipulation, Settlement, and Release of Class Action and Private Attorneys General Act Claims (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation.

3. The Court certifies, for settlement purposes only the Settlement Class defined as "all current and former non-exempt employees who worked for Defendant in the State of California during the Class Period,[1]" who will be bound by this Final Judgment.

4. Further, the PAGA Group Members bound by this Final Judgment include "all current and former non-exempt employees who worked for Defendant in the State of California during the PAGA Period."[2]

5. Set forth in Paragraph 8 of the Declaration of Kevin Lee ("Lee Declaration"), filed concurrently herewith, no requests for exclusion from the class settlement were submitted by Settlement Class Members

---

[1] The Class Period is April 11, 2019 through January 16, 2024. See Settlement Agreement § F and Order Granting Motion for Preliminary Approval of Class Action and Representative Settlement [Dkt. No. 38], ¶ 3.

[2] The PAGA Period is April 20, 2022 through January 16, 2024. See Settlement Agreement § W; and Order Granting Motion for Preliminary Approval of Class Action Settlement [Dkt. No. 38], ¶ 4.

2

Case No. 8:23-cv-00862-HDV-ADS
[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS

6. Set forth in Paragraph 9 of the Lee Declaration, there were no objections to the Settlement.

7. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between Plaintiff, Class Counsel and Defendant.

8. The Court hereby finds and concludes that the Notice Packet was disseminated to the Settlement Class in accordance with the terms set forth in the Settlement Agreement, and that the Notice Packet and its dissemination were in compliance with this Court's Preliminary Approval Order.

9. The Court further finds and concludes that the Notice Packet set forth in the Settlement Agreement fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

10. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

11. This Court hereby dismisses this Action with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

12. Upon the Effective Date and Conditions Precedent, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Class Claims.

13. Upon the Effective Date and Conditions Precedent, Plaintiff as a

3

Case No. 8:23-cv-00862-HDV-ADS
[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS

1  representative of the State of California and on behalf of the Labor and
2  Workforce Development Agency (LWDA) unconditionally, fully, and finally
3  release and forever discharge the Released Parties from the Released PAGA
4  Claims.  PAGA Group Members will be bound to the Judgment entered by the
5  Court as to the Released PAGA Claims.
6       14.   The Settlement Agreement (including, without limitation, its
7  exhibits) and any and all negotiations, documents, and discussions associated
8  with it, shall not be deemed or construed to be an admission or evidence of any
9  violation of a statute, law, rule, regulation or principle of common law or equity,
10 of any liability or wrongdoing, or of the truth of any of the claims asserted by
11 Plaintiffs in the Action, and evidence relating to the Settlement Agreement shall
12 not be discoverable or used, directly or indirectly, in any way, whether in the
13 Action or in any other action or proceeding, except for purposes of enforcing the
14 terms and conditions of the Settlement Agreement, the Preliminary Approval
15 Order, and/or this Order.
16      15.   The Court finally approves Verum Law Group, APC ("VLG"), as
17 adequate counsel and approves Class Counsel's application for $137,363.01 in
18 attorneys' fees and $13,250.03 in costs.
19      16.   The Court finally approves Plaintiff as an adequate Class
20 Representative, and approves her Service Award in the amount of $10,000.
21      17.   The Court approves the payment to the LWDA of $15,000 and the
22 remaining $5,000 payable to PAGA Group Members.
23      18.   The Court approves the payment to the Settlement Administrator in
24 the amount of $14,250.
25      19.   Finding that there is no just reason for delay, the Court orders that
26 this Final Judgment and Order of dismissal shall constitute a final judgment
27 pursuant to Rule 54 of the Federal Rules of Civil Procedure. The clerk of the
28 Court is directed to enter this Order on the docket forthwith.

4

Case No. 8:23-cv-00862-HDV-ADS
[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS

20. Without affecting the finality of this Final Judgment and Order of dismissal in any way, this Court retains continuing jurisdiction over the administration of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: October 10, 2024

_____
Hernán D. Vera
U.S. DISTRICT COURT JUDGE

5

Case No. 8:23-cv-00862-HDV-ADS
[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS